## IN RE MILANS.

### PATENTS; PATENTABILITY; CLAIMS.

1. While it is the policy of the patent law to deal liberally with inventors, the courts will not grant a monopoly unless convinced that invention is involved.

2. Claims of the applicant for a patent whose invention relates to improvements in bowling alleys, consisting in providing smaller spots within the single spots theretofore used, *held* properly rejected by the Commissioner of Patents as not involving the exercise of invention, and as so broad as to cover much more than an article of manufacture.

No. 468. Patent Appeals. Submitted March 20, 1908. Decided April 20, 1908.

HEARING on an appeal from a decision of the Commissioner of Patents rejecting certain claims in an application for a patent.                              *Affirmed.*

The facts are stated in the opinion.

*Mr. C. T. Milans, Mr. L. S. Bacon,* and *Mr. Joseph H. Milans* for the appellant.

*Mr. Frederick A. Tennant* for the Commissioner of Patents.

Mr. Justice Robb delivered the opinion of the Court:

This appeal is from the decision of the Commissioner of Patents refusing to allow the following claims:

"1. A double spot for bowling alleys, one spot being arranged within another and having striking visually appreciable differentiating characteristics.

"2. A double spot for bowling alleys, one spot being arranged within the other and of striking contrasting colors.

"3. In combination with the pins of different base diameters, a bowling alley having a double spot adapted to receive either of said pins consisting of one spot within another, the diameters of said spots corresponding to the diameters of said pins.

"4. In combination with pins of different base diameters, a bowling alley having a double spot adapted to receive either of said pins consisting of one spot within another, the diameters of said spots corresponding to the diameters of said pins and said spots being strikingly contrasting in appearance.

"5. In combination with pins of different base diameters, a bowling alley having spots whereby to accommodate either of said pins, the diameters of said spots corresponding to the diameters of said pins and said spots being strikingly contrasting in appearance.

"6. In combination with pins of different base diameters, a bowling alley having spots whereby to accomodate either of said pins, the diameters of said spots corresponding to the diameters of said pins."

"14. As an article of manufacture, a double spot adapted for insertion in a bowling alley, one spot being arranged within another and having striking visually appreciable differentiating characteristics."

The object of the applicant, Joseph H. Milans, as stated in his specifications, is to provide a device comprising a spot within a spot, the larger adapted to center and support pins of a larger type, such as tenpins, and the smaller to support pins of relatively smaller size, such as candle or duck pins, and thereby "to overcome objections to the single spots now employed and upon

which various sizes of pins are alternately set at the will of the player."

The Commissioner allowed claims Nos. 7 to 13, inclusive, covering the mechanical construction of the double spot of the rejected claims. We agree that applicant is not entitled to the broad claims of the issue, which as drawn cover much more than an article of manufacture. We fail to perceive invention in providing smaller spots within the single spots hitherto used. These single spots correspond to the base diameters of the ordinary tenpins and manifestly exact accuracy in placing the smaller pins can be attained only by providing spots of corresponding size, which, if concentrically arranged, will necessarily fall within the larger spots, and, to be distinguishable, must be of a different color.

It is the policy of the patent law to deal liberally with inventors; nevertheless courts will not grant a monopoly unless convinced that invention is involved.

The decision of the Commissioner of Patents is affirmed, and the clerk of the court will certify this opinion and the proceedings in this court to the Commissioner of Patents as required by law.                                   *Affirmed.*